OPINION
PER CURIAM.
Zhong Ming Zhuo is a native and citizen of China. He entered the United States in the late 1990s without proper documentation. He filed an asylum claim and was eventually placed in removal proceedings. His initial asylum application stated that local birth-control officials harassed him and his wife when she was pregnant with their third child, and eventually persuaded her (by means of threats of excessive fines) to have an abortion against her will and to have an IUD inserted without her permission. A.R. 56, 348. In a later affidavit and in testimony before an Immigration Judge (IJ), in contrast, Zhuo claimed that birth control officials suddenly abducted his wife, took her for a forced abortion, and sterilized her, and that she was then hospitalized for ten days. A.R. 56, 339. The IJ found Zhuo lacked credibility. The Board of Immigration Appeals (BIA) affirmed without opinion on October 22, 2002.
On July 13, 2007, Zhuo filed a motion to reopen, essentially asserting the same claims. He attached an affidavit and medical reports regarding his wife, stating that she continues to suffer problems from her forced abortion and sterilization. In his motion, he stated that the motion was not subject to the time restrictions for filing a motion to reopen “due to a fundamental change in the definition of a ‘refugee’ brought about by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.” A.R. 10. Zhuo also alleged generally that his former counsel was ineffective. A.R. 9.
The BIA found the motion untimely and found that it did not fall into any exceptions to the time restrictions. A.R. 2. The BIA also noted that Zhuo had not met the requirements, set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for establishing a claim of ineffectiveness of his prior counsel. A.R. 3-4.
Zhuo filed a timely petition for review and a motion for stay of removal, but filed them in the United States Court of Appeals for the Second Circuit, which was not the correct court, as the IJ completed proceedings in Newark, New Jersey. See 8 U.S.C. § 1252(b)(2) (“The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.”). The Second Circuit transferred the petition to this Court.
This Court reviews the denial of a motion to reopen for an abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). Under this standard, the BIA’s decision will be reversed only if it is “arbitrary, irrational, or contrary to law.” Id. In general, a motion to reopen must be filed within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The time and number requirements are waived for motions that rely on evidence of “changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding.” 8 C.F.R. § 1003.2(c)(3)(h).
With his motion to reopen, Zhuo presented documents showing that his wife underwent medical treatment in 2007 allegedly due to complications from past birth control measures. He argues that this constitutes “changed circumstance [sic] arising in China that is material to his claim to asylum.” Petitioner’s Brief at 13. However, changes in personal circumstances do not constitute changed country conditions, and thus do not excuse a mo *940 tion’s untimeliness, although such changes may sometimes be relevant to a claim that an alien would be persecuted under changing Chinese family planning laws. Zheng v. Attorney General, 549 F.3d 260, 267 (3d Cir.2008). Zhuo has not made any attempt to argue that country conditions have changed.
The deadline for filing a motion to reopen may also be tolled by counsel’s ineffectiveness, see Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir.2005); but Zhuo did not raise the issue of ineffective assistance of counsel in his brief in this Court. It is therefore waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir.2004).[1]
We further note that even if Zhuo’s motion to reopen had been filed within 90 days, or had met an exception to the timeliness requirements, he would not be eligible for asylum on the basis of any persecution his wife allegedly suffered under China’s population policies. Lin-Zheng v. Att’y Gen., 557 F.3d 147, 157 (3d Cir.2009) (en banc). Zhuo would only be able to claim relief on the basis of his own persecution. Id.
Because Zhuo’s motion to reopen was untimely and did not meet an exception to the 90-day filing requirements, the Board properly denied the motion. We thus will deny the petition for review.

. In any event, we agree with the BIA that Zhuo did not make any attempt to meet the Lozada requirements. We also note that Zhuo has not pursued his meritless claim that changes in the definition "refugee'' rendered his motion timely. The 1996 changes he cited took place several years before he initially applied for asylum.